SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREG S. LABATE, Cal. Bar No. 149918
glabate@sheppardmullin.com
RUBEN D. ESCALANTE, Cal. Bar No. 244596
rescalante@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:  714-513-5100
Facsimile:   714-513-5130
glabate@sheppardmullin.com

Attorneys for Defendant
THOMASARTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| MARY LONG,<br><br>           Plaintiff,<br><br>      v.<br><br>THOMASARTS, INC., A Utah Corporation; and DOES 1 Through 50,<br><br>           Defendant. | Case No. SACV09-1357 CJC(RNBx)<br><br>Assigned to:  Hon. Cormac J. Carney<br><br>**STIPULATION AND** [PROPOSED]<br>**PROTECTIVE ORDER RE:**<br>**CONFIDENTIALITY OF**<br>**DOCUMENTS**<br><br>Complaint Filed:  October 19, 2009<br>Trial Date:          None Set |

Plaintiff Mary Long ("Plaintiff") and Defendant ThomasArts, Inc. ("Defendant") (collectively, the "Parties"), through their respective counsel of record, hereby stipulate as follows:

A.   WHEREAS disclosure and discovery activity in this action are likely to involve production of Plaintiff's private information or either Party's confidential or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted;

B.   WHEREAS the parties to this Stipulated Protective Order, and other parties or non-parties in this litigation, each may assert a claim that documents described herein constitute or contain Plaintiff's private information or either Party's confidential or proprietary information, which claim may be disputed by one or more parties; and

C.   WHEREAS the parties hereto desire to agree to a protective order for the protection of the specific information during the pendency of this action and thereafter.

THEREFORE, Plaintiff and Defendant, through their respective counsel of record, stipulate and agree as follows:

1.   <u>Terms</u>.  The terms defined in this paragraph shall have the meanings provided.  Defined terms may be used in the singular or plural.

1.1. "Producing Party" means the party, or person other than a party, being asked to produce or asserting a confidentiality interest in documents designated by that party or person as Confidential Documents.

1.2 "Receiving Party" means that party receiving or requesting production of Confidential Documents.

1.3 "Confidential Documents" means documents pertaining to Plaintiff's private information or either Party's confidential or proprietary information, which information the Producing Party believes in good faith to contain (1) information covered by Plaintiff's legally recognized interests in privacy, including but not limited to social security numbers, home address and telephone numbers, medical records and financial information, (2) confidential or proprietary information or (3) trade secrets.

1.4 "Outside" means a person who is not an employee of the Receiving Party, and shall include law firms retained by the Receiving Party.

1.5 "Termination" means the dismissal of this action, or entry of final judgment or expiration of all periods to appeal or seek judicial review of this action.

2. All material designated as Confidential Documents may be disclosed only to the following persons:

2.1. the Court and its personnel;

    2.2. the parties and their counsel, including investigators and support staffs employed by counsel or the parties;

    2.3. witnesses at deposition; and

    2.4. court reporters or translators; and .

    2.5. persons retained by the parties as experts or consultants, whether designated or being considered for designation.

    No Confidential Document may be revealed or disclosed, directly or indirectly, in whole or in part, to any individual described in Paragraph 2.6 until the individual has been given a copy of this order and signed a Compliance Agreement, which Compliance Agreement shall be retained by Outside counsel of record for Receiving Party.

    3. Except as set forth in this Stipulated Protective Order, all material designated as Confidential Documents shall be used solely for the purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media.  The terms of this Stipulated Protective Order shall not apply to or restrict the disclosure or use by a Producing Party of the Producing Party's own Confidential Documents.

    4. Confidential Documents shall be designated specifically by either marking the document or thing as "CONFIDENTIAL" or by designating, in writing, the identity of the document and the Bates stamp number which has been assigned to it at the time of production or other use.

5.     The inadvertent failure to designate documents as Confidential Documents prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such documents as Confidential Documents within thirty (30) days after such disclosure, or after notice of such disclosure, or after execution by the party of this Stipulated Protective Order, whichever is later.  In the event that documents are designated as Confidential Documents after disclosure but within the thirty (30) day period allowed in this Paragraph, the Receiving Party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as Confidential Documents pursuant to the terms of this Protective Order.

6.     The Receiving Party shall not be obligated to challenge the propriety of the Confidential Documents designation at the time made and the failure to do so at that time shall not operate as a waiver of its right to request the Court to determine the propriety of the designation or in any way preclude a subsequent challenge to such designation.  If a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Documents, the parties shall first try to resolve such dispute in good faith on an informal basis.  If a dispute cannot be resolved, the Receiving Party may seek appropriate relief from this Court, and the Producing Party shall have the burden of proving that a Confidential Document should be confidential.  Any motion challenging the designation of Confidential Documents shall be made in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation Requirement.

7.     Deposition transcripts may be designated as Confidential Documents by indicating on the record at the deposition that the specified part of the testimony (including the entire testimony given or to be given by a witness) and/or all or any part of the document or thing marked for identification at such deposition are subject to the provisions of this Stipulated Protective Order.  The Producing

1  Party may, within 30 days after an undesignated deposition transcript is actually
2  received by counsel for each party, specifically designate information contained in
3  the transcript as a Confidential Document, whether or not previously so designated,
4  by notifying all parties in writing of any specific pages and lines of the transcript
5  which contain confidential information.  Each party shall attach a copy of such
6  written statement to the face of the transcript and each copy thereof in its
7  possession, custody or control.  Insofar as any designation made of the entire
8  testimony or documents, the Producing Party shall use the best practicable efforts to
9  undesignate, as appropriate, portions thereof within 30 days after the transcripts or
10 documents is actually received by the Receiving Party.

12        8.    Should any Confidential Documents be disclosed, through
13 inadvertence or otherwise, to any person or in any circumstances not authorized
14 under this Stipulated Protective Order, then the disclosing party must immediately
15 (a) notify in writing to the Producing Party of the unauthorized disclosures, (b) use
16 its best efforts to retrieve all copies of the Confidential Documents; (c) inform the
17 person or persons to whom unauthorized disclosures were made of all the terms of
18 this Stipulated Protective Order, and (d) request such person or persons to execute
19 the Compliance Agreement that is attached hereto as Exhibit 1.

21        9.    If any party objects at any time to specific application of any
22 provision of this Stipulated Protective Order, that party may seek to amend such
23 provision.  However, before seeking any modification the party shall attempt to
24 resolve the issue with other parties by a stipulated amended order.

26        10.   This Stipulated Protective Order shall not be construed as a
27 waiver by the parties of any objection which might be raised as the admissibility of
28 any evidentiary material.  This Stipulated Protective Order shall be without

1  prejudice to the rights of any person to oppose production of any information on any
2  proper ground.

3

4        11.    In accordance with Local Rule 79-5.1, if any papers to be filed
5  with the Court contain information and/or documents that have been designated as
6  "Confidential," the proposed filing shall be accompanied by an application to file
7  the papers or the portion thereof containing the designated information or
8  documents (if such portion is segregable) under seal; and the application shall be
9  directed to the judge to whom the papers are directed. For motions, the parties shall
10 publicly file a redacted version of the motion and supporting papers.

11

12        12.    Except as filed with the Court in accordance with this Stipulated
13 Protective Order and as produced in deposition pursuant to this Stipulated Protective
14 Order, all documents and things designated Confidential Documents shall be
15 maintained by the parties, their counsel, or a person authorized to view Confidential
16 Documents under Paragraph 2, and who has executed the appropriate Compliance
17 Agreement.  Within 30 days after Termination of this action, the original and all
18 copies of each document and thing produced by the Producing Party to a Receiving
19 Party or given to any other person pursuant to this Stipulated Protective Order,
20 which contains Confidential Documents, shall be returned for destruction to the
21 counsel of record for the Producing Party.  The parties agree that the foregoing
22 provision does not apply to notes, summaries, digests and synopses of the
23 Confidential Documents which would be protected by the attorney-work product or
24 attorney-client privileges, as well as documents required to be retained as part of a
25 client file, but agree that such privileged documents will continue to be treated as
26 containing confidential information.  After Termination of this action, counsel of
27 record for the Receiving Party shall retain all Compliance Agreements signed
28

pursuant to Paragraph 2 above, and shall then deliver a copy thereof to the Producing Party on request at any time thereafter.

13. Insofar as the provision of this Stipulated Protective Order restrict the use or communication of any document or information produced hereunder, this Stipulated Protective Order shall continue to be binding after the Termination of this action and the Court shall retain jurisdiction over all persons and parties bound by this Stipulated Protective Order for the purposes of its enforcement.

14. Nothing contained in this Protective Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

IT IS SO STIPULATED

Dated:  July 21, 2010           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By     */s/ Ruben D. Escalante*
RUBEN D. ESCALANTE
Attorneys for Defendant
THOMASARTS, INC.

Dated: July 21, 2010    PATRICK E. TURNER, INC. APLC

By

*/s/ Patrick E. Turner*
PATRICK E. TURNER
Attorneys for Plaintiff
MARY LONG

## [PROPOSED] ORDER

The Court, having read and considered the Stipulation and [Proposed] Order regarding Confidentiality of Documents, finds good cause appearing in that discovery in this action will be facilitated and thereby,

IT IS HEREBY ORDERED that the Stipulation and [Proposed] Order is entered in this action without prejudice to any motion for modification.

DATED July 26, 2010

HONORABLE ROBERT N BLOCK
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT 1**

# **COMPLIANCE AGREEMENT**

I, _____, hereby declare:

1. My address is _____. My telephone number is (_____) _____-_____.

2. I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Central District of California on _____, 2010 in the case of <u>Mary Long v. ThomasArts, Inc.</u>, Case Number SACV09-1357 CJC(RNBx).  I do agree to comply with and to be bound by all the terms of this Stipulated Protective Order.

3. I understand that the Stipulated Protective Order requires that I not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

4. I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20____ at _____(city), _____ (state).

_____
Signature